IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS CAREY, #245045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-577-WKW |
| | ) | |
| CLIFF WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint and amendment thereto filed by Carlos Carey ("Carey"), an indigent state inmate and frequent litigant before this court. In the instant civil action, Carey challenges the decision issued by parole board members in May of 2015 to deny him parole. Specifically, Carey alleges that the defendants relied on incorrect information regarding the details of his arson conviction and denied him due process during the parole consideration process. Doc. No. 9 at 2-3.

On April 17, 2017, the plaintiff filed a motion to dismiss Lyn Head as a defendant in this cause of action. Doc. No. 35. The record establishes that Lyn Head was not a member of the parole board in May of 2015, as she received her appointment to the board in September of 2016 and therefore did not participate in the adverse parole decision challenged in the instant complaint. Doc. No. 25-11.

Dismissal of a defendant upon request of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court

and "on terms the that the court considers proper." After review of the pleadings filed by the parties, the court concludes that the plaintiff's motion to dismiss is due to be granted and the claims against Lyn Head should be dismissed with prejudice.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. The claims presented against Lyn Head be DISMISSED with prejudice.

3. This case be referred back to the undersigned for additional proceedings against defendants Walker and Longshore.

The parties may file objections to this Recommendation on or before May 3, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 19th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge